**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA ANGELICA LOPEZ CEJA; ANGEL MANUEL GOMEZ LOPEZ; JOSE JULIAN GOMEZ LOPEZ, | No.   19-70211 |
| Petitioners, | Agency Nos.   A208-124-476<br>A208-124-477<br>A208-124-478 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2023**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,*** District
Judge.

Norma Angelica Lopez Ceja and her two minor sons, natives and citizens of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing an appeal from an Immigration Judge's ("IJ") decision denying Lopez Ceja's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The initial notices to appear did not include the place, date, and time of the initial hearing. These omissions did not deprive the immigration court of jurisdiction over the removal proceedings. In *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), we held that a defective initial notice to appear did not deprive the immigration court of authority to act and did not divest the immigration court of subject-matter jurisdiction when the notice was later supplemented with the missing information. *Id.* at 1188, 1193 & n.9. Here, supplemental notices were served, and Lopez Ceja attended the hearings.

2. Lopez Ceja waived her claim that an exception to the one-year deadline for filing an asylum application excused her untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a). The IJ found the asylum application untimely. Lopez Ceja argues that the BIA should have remanded to the IJ to determine whether a changed or extraordinary circumstance excused the untimely

---

[1] Lopez Ceja's sons were derivative applicants on her application for asylum. *See* 8 U.S.C. § 1158(b)(3)(A).

filing of her asylum application. Although Lopez Ceja mentioned an erroneous decision on the timeliness issue in her notice of appeal to the BIA, she abandoned this issue by not including any argument about it in her brief in that forum. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc). Lopez Ceja could have presented the claim she makes here to the BIA, but she failed to do so.

Lopez Ceja's failure to present her claim regarding an exception to the filing deadline to the BIA does not deprive this court of jurisdiction. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023). But Lopez Ceja waived review of this claim by failing to present it to the BIA. *See id.* (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture).

3.      Substantial evidence supports the agency's adverse credibility determination. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (discussing standard of review of a credibility determination). The agency properly relied on Lopez Ceja's omission from her asylum application of the death threats against her, her children, and the children's father that formed the basis for her claim for relief. These omissions were not mere details but new allegations that told a more compelling story of persecution. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016). And in view of Lopez Ceja's testimony that she moved to her aunt's house to escape the death threats and lived there until she

went to the United States, the omission of her aunt's address from her application further supports the adverse credibility determination.

The IJ was not required to credit Lopez Ceja's explanation for her omission of these material facts. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). Without credible testimony, the BIA appropriately concluded that Lopez Ceja's withholding of removal claim failed because she did not point to other record evidence to independently establish eligibility for relief.[2] *See Garcia*, 749 F.3d at 789.

4. Substantial evidence supports the denial of Lopez Ceja's CAT claim. While an adverse credibility determination alone does not "necessarily defeat a CAT claim," *Garcia*, 749 F.3d at 791, Lopez Ceja was required to point to other documentary evidence to meet her burden of demonstrating that it is more likely than not that she will be tortured by or with the acquiescence of any government official if removed to Mexico. *See id.* She failed to do so. *See id.*

**PETITION DENIED.**

---

[2] We do not reach Lopez Ceja's arguments regarding past and future persecution, her proposed social group, or nexus. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) ("Our review is limited to those grounds explicitly relied upon by the [BIA]." (alteration in original) (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016))).